**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **ANN MARIE DeSOUZA,** | |
| **Plaintiff,** | **Case No. 2:13-cv-949** |
| **v.** | **Judge Peter C. Economus** |
| **JP MORGAN CHASE HOME LENDING DIVISION,** *et al.* | **MEMORANDUM OPINION AND ORDER** |
| **Defendants.** | |

Plaintiff Ann Marie DeSouza brought this case against Defendants JPMorgan Chase Bank N.A. ("Chase")[1] and McCurdy Candler, LLC ("McCurdy"), alleging violations of the Fair Debt Collection Practices Act ("FDCPA") and the Truth In Lending Act ("TILA").  This matter is before the Court for consideration of Defendants' alternative motions to dismiss or to transfer the case to the Northern District of Georgia.  (Dkts. 12, 16.)

## I.    Background

In 2003, Plaintiff purchased her home with a loan from HomeBanc Mortgage Corporation ("HomeBanc"), secured by a mortgage on the property (the "Mortgage").  (Compl. ¶¶ 8–9.)  The Mortgage was subsequently transferred, and the parties dispute whether Chase has a current interest in it.   (Compl. ¶¶ 10–12 (asserting that the Federal National Mortgage Association may own the mortgage); Dkt. 12 (asserting that the mortgage was assigned to Mortgage Electronic Systems, Inc., and then to Chase).)  For the purpose of deciding the motions currently before the Court, the Court need not determine who holds a valid interest in the Mortgage.

---

[1] This party was improperly named in the complaint as JP Morgan Chase Home Lending Division.  (Dkt. 12.)

From March 6, 2009, through August 14, 2013, McCurdy sent Plaintiff a series of letters advising her that it represented EMC Mortgage Corporation (which the parties agree is Chase's predecessor in interest), warning Plaintiff of potential foreclosure proceedings, and advising her that the Mortgage had been referred for foreclosure.  (Compl. Exs. B–B3; Dkt. 12 at 2.)  On August 15, 2013, Chase sent Plaintiff a letter providing a foreclosure sale date of October 1, 2013.  (Compl. Ex. C.)  Plaintiff alleges that she sent to Defendants a "debt validation request," dated September 10, 2013, to which Defendants failed to respond.  (*Id.* at ¶ 17, Ex. D.)

Plaintiff alleges that Defendants violated the FDCPA as follows: (1) by "conspir[ing], collud[ing], and execut[ing] a fraudulent scheme to collect an alleged inaccurate debt . . . which [Plaintiff] does not owe to either of them," in violation of 15 U.S.C. § 1692e(2)(A) (Compl. ¶ 20); (2) by "conspir[ing], collud[ing], and execut[ing] by threatening Plaintiff with a nonjudicial foreclosure of her property knowing . . . that neither of the Defendants [has] an enforceable security interest in her property," in violation of 15 U.S.C. § 1692f(6)(A) (*id.* at ¶ 21); and (3) by failing to validate the alleged debt and continuing collection efforts despite Plaintiff's request for debt validation, in violation of 15 U.S.C. § 1692g(b) (*id.* at ¶ 22).

More specifically, Plaintiff alleges that McCurdy violated the FDCPA and TILA when it: "falsely identified . . . that Chase[] was the Creditor," "misstated account numbers," "failed to verify the true debt," and "failed to ascertain the true Holder in Due Course."  (Compl. ¶ 30(b)–(e).)  Plaintiff alleges that Chase violated the FDCPA and TILA when it: "falsely asserted itself[] as the Creditor, without performing . . . due diligence," "altered and then permitted [McCurdy] to misstate account numbers," "failed to verify the true debt," and "made misrepresentations that led to the attempts at seizure of the underlying property without meeting the bona fide proof under the FDCPA or TILA Statutes."  (*Id.* at ¶ 30(f)–(i).)

Both defendants move for dismissal for failure to state a claim, and both defendants assert that venue is improper.  (Dkts. 12, 16.)  Based on improper venue, Chase moves for dismissal or transfer[2] (Dkt. 12), and McCurdy moves for transfer (Dkt. 16).

## II.   Analysis

Dismissal or transfer for improper venue is controlled by 28 U.S.C. § 1406, which provides that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."  28 U.S.C. § 1406(a).  Transfer rather than dismissal of a case serves "the ultimate goal of allowing cases to be decided on their substantive merits, as opposed to being decided on procedural grounds."  *Flynn v. Greg Anthony Constr. Co., Inc.*, 95 F. App'x 726, 741 (6th Cir. 2003) (citing *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466–67 (1962)).

It is undisputed that the United States District Court for the Northern District of Georgia would have personal jurisdiction over Defendants.  (Dkt. 16 at 9–10; *see* dkt. 12 at 7–8.)  *See Flynn*, 95 F. App'x at 739 ("One aspect of a determination of whether a transfer is in the interest of justice involves an assessment of whether personal jurisdiction would be obtained in the transferee court.").

Further, transferring the case to the Northern District of Georgia would "further[] the interest of justice because the relevant activities and contacts appear predominantly in" that district.  *See Flynn*, 95 F. App'x at 741.  In fact, the only apparent connection between this case and the Southern District of Ohio is that Chase has offices in Columbus, Ohio.  The complaint

---

[2] Chase also states that it moves for dismissal for lack of jurisdiction, but it raises no basis for dismissal for lack of jurisdiction.  The first-to-file rule, which Chase briefs, is not jurisdictional in nature.  Nor does it clearly apply here, where the earlier-filed case does not raise identical, or nearly identical, issues compared to those raised in this case. *See Zide Sport Shop of Ohio, Inc. v. Ed Tobergte Associates, Inc.*, 16 F. App'x 433, 437 (6th Cir. 2001)

alleges that Plaintiff resides in the State of Georgia, where the relevant property is located. (Compl. ¶ 5.)  It is apparently undisputed that McCurdy's principal place of business, its place of incorporation, and its registered agent are in the Northern District of Georgia.  (*Id.* at ¶ 7; Dkt. 16 at 9–10.)  The complaint alleges that Chase's principal address is in Columbus, Ohio (Compl. ¶ 6), but Chase denies that its "principal office" is in Columbus, Ohio (Dkt. 12 at 6, n.39).[3] Regardless of where Chase's offices are located, it is subject to the jurisdiction of the Northern District of Georgia.

Moreover, a case between the parties is already pending in the Northern District of Georgia, *De Souza v. JPMorgan Chase & Companies*, *et al.*, no. 1:13-cv-2447 (the "Georgia case"), in which Plaintiff seeks to prevent "wrongful attempted foreclosure."[4]  While Plaintiff alleges different issues in each case, both this case and the Georgia case challenge the same foreclosure proceedings located in the Northern District of Georgia.

Considering this case's tenuous connection to the Southern District of Ohio, the location of the mortgaged property and the relevant alleged activity in the Northern District of Georgia, and the fact that a similar case is already pending in that district, the Court finds that it is in the interest of justice to transfer this case to the Northern District of Georgia, where it can be decided on its merits along with the case already pending before that court.

---

[3] Plaintiff's only suggested reason for filing the case in this district, rather than in the Northern District of Georgia, is that Chase allegedly "hatched and directed the foreclosure actions from its principal office in Columbus, Ohio." (Compl. ¶ 29.)

[4] Interestingly, Plaintiff alleges in the Georgia case that Chase "is and was at all times material hereto a New York corporation whose current principal place of business is at 270 Park Avenue, New York City, New York 10017." (Georgia case, dkt. 67 at 2.)

**IV.**     <u>**Conclusion**</u>

For the reasons discussed above, the Court hereby **GRANTS IN PART** Defendants'

motions (Dkts. 12, 16) and **ORDERS** that this case be **TRANSFERRED** to the United States

District Court for the Northern District of Georgia.

**IT IS SO ORDERED.**

**UNITED STATES DISTRICT JUDGE**