```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF GEORGIA
                       ATLANTA DIVISION

ANN MARIE DESOUZA,                  :
                                    :
     Plaintiff,                     :
                                    :    CIVIL ACTION
          v.                        :
                                    :    NO. 1:14-CV-117-TWT-ECS
JP MORGAN CHASE HOME LENDING        :
DIVISION and MCCURDY & CANDLER,     :
LLC,                                :
                                    :
     Defendants.                    :
```

**FINAL REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

### I.
### Introduction

On September 25, 2013, Plaintiff Ann Marie DeSouza ("Plaintiff"), proceeding pro se, filed a complaint against Defendants JP Morgan Chase Home Lending Division ("Chase") and McCurdy & Candler, LLC, (collectively "Defendants"), in the United States District Court for the Southern District of Ohio. The complaint alleges violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq., and the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 et seq., in connection with the foreclosure of residential property located at 1847 Scholar Drive, Lawrenceville, Georgia, 30044. [Doc. 1]. On January 14, 2014, the case was transferred to this Court. [Doc. 30]. The matter is now before the Court on several motions filed by the parties. Plaintiff

has filed three motions entitled, at least in part, "motion for judgment as a matter of law," [Docs. 6, 39, 40]. Defendant McCurdy & Candler filed a motion to abate this action due to a prior-filed action, [Doc. 32]. Defendant Chase filed a motion to strike Plaintiff's motion for judgment as a matter of law, [Doc. 13], and a renewed motion to dismiss the complaint. [Doc. 45].

For the reasons discussed below, **IT IS RECOMMENDED** that Defendant Chase's renewed motion to dismiss, [Doc. 45], be **GRANTED** and that this action be **DISMISSED WITH PREJUDICE** as to all defendants. Accordingly, **IT IS FURTHER RECOMMENDED** that all other remaining motions, [Docs. 6, 13, 32, 39, & 40], be **DENIED AS MOOT**.

## II.
## Background

### A. Factual Background

The real property at issue in this case is located at 1847 Scholar Drive, Lawrenceville, Georgia 30044 ("the Property"). See generally [Docs. 1-1 to 1-5]. Plaintiff purchased the Property on July 30, 2003. [Doc. 1 ¶ 8]. In order to finance the purchase of the Property, Plaintiff executed a promissory note ("the Note") to HomeBanc Mortgage Corporation ("HomeBanc") in the principal amount of $163,900.00. [Docs. 1-1; 45-2]. To secure the loan from HomeBanc, Plaintiff also executed a Security Deed to the Property in favor of HomeBanc and its "successors and assigns." [Doc. 45-2].

2

On December 6, 2007, HomeBanc assigned the Security Deed to Mortgage Electronic Registration Systems, Inc. ("MERS"). [Doc. 45-3]. Then, on January 3, 2012, MERS assigned the Security Deed to Defendant JPMorgan Chase Bank, N.A., ("Chase"). [Doc. 45-4]. Plaintiff alleges that she began receiving "debt collection" notices from Defendant McCurdy & Candler on March 6, 2009, and around February 1, 2012, Chase initiated non-judicial foreclosure proceedings against the Property. [Doc. 1 ¶¶ 13-14, Exs. A, B1-3].

**B.   Procedural Background**

This is the fourth attempt by Plaintiff to bring a cause of action in federal court for claims related to the initiation of foreclosure proceedings on the Property. See De Souza v. EMC Mortg. Corp., No. 1:10-cv-906-TWT (N.D. Ga. June 9, 2010) [hereinafter "the First Action"]; de Souza v. EMC Mortg. Corp., No. 1:11-cv-82-TWT (N.D. Ga. June 2, 2011) [hereinafter "the Second Action"]; De Souza v. JP Morgan Chase & Co., No. 1:13-cv-2447-TWT (N.D. Ga. Apr. 2, 2014) [hereinafter "the Third Action"].

   **1.   The First Action**

On March 30, 2010, Plaintiff initiated a civil action in this district by filing an application to proceed in forma pauperis ("IFP") and attaching to it a complaint alleging violations of the FDCPA, the Fair Credit Billing Act ("FCBA"), and Georgia state law, in connection with foreclosure proceedings initiated by EMC Mortgage

3

Corporation ("EMC") on the Property.[1] See The First Action, [Doc. 1-1]. Magistrate Judge Vineyard denied Plaintiff's request to proceed IFP and directed her to pay the filing fee within fourteen days. [Id., Doc. 2]. Upon Plaintiff's failure to obey Judge Vineyard's order, District Judge Thrash adopted the recommendation that the case be dismissed without prejudice. [Id., Doc. 5]. The case was terminated on June 9, 2010. [Id.].

### 2. The Second Action

Meanwhile, on April 15, 2010, Plaintiff filed an identical complaint regarding the same foreclosure proceedings on the Property in the Northern District of Texas. See The Second Action, [Doc. 1]. On October 21, 2010, it was ordered that the case be transferred to the Northern District of Georgia, [id., Doc. 21], where the defendants renewed their motion to dismiss for failure to state a claim, which was originally filed in Texas. [Id., Doc. 24]. Upon review of the defendants' motion to dismiss for failure to state a claim, Judge Vineyard recommended that the motion be granted and that Plaintiff's complaint be dismissed with prejudice. [Id., Doc. 33]. Plaintiff then voluntarily dismissed the action without prejudice under Federal Rule of Civil Procedure 41 before Judge Thrash entered any order on the report and recommendation. [Id.,

---

[1] The First and Second Actions were brought against EMC, which serviced the loan in March 2009, and John Vella.

Doc. 35].

### 3. The Third Action

Plaintiff then filed a third action in the Southern District of New York, on March 8, 2012, alleging claims in connection with the foreclosure proceedings of the Property for (1) declaratory and injunctive relief, (2) violation of the Real Estate Settlement Procedures Act ("RESPA"), (3) violation of TILA, (4) violation of the FDCPA, (5) breach of contract, (6) trespass, (7) intentional and negligent infliction of emotional distress, (8) invasion of privacy, and (9) violation of the Georgia Fair Business Practices Act ("FBPA"). See The Third Action, Doc. 1. On July 16, 2013, this case was also transferred to the Northern District of Georgia. [Id., Doc. 58]. Plaintiff filed a second amended complaint on December 20, 2013. [Doc. 67]. The defendants in this Third Action, Chase and McCurdy & Candler, then moved to dismiss the second amended complaint for failure to state a claim on January 3, 2014. [Id., Doc. 68, 69]. On April 2, 2014, Judge Thrash entered an order granting the defendants' motions to dismiss for failure to state a claim, and dismissing the case in its entirety. [Id., Doc. 76].

### 4. The Instant Action

Meanwhile, on September 25, 2013, even before Judge Thrash dismissed the Third Action, Plaintiff filed a fourth complaint in the Southern District of Ohio against Defendants Chase and McCurdy

5

& Candler. [Doc. 1]. This fourth complaint again alleged violations of TILA and the FDCPA in connection with the foreclosure proceedings initiated on the Property. See generally [Id.]. Along with the complaint, Plaintiff filed a motion entitled "motion for judgment as a matter of law." [Doc. 6]. Both Defendants moved to dismiss for improper venue and for failure to state a claim. [Docs. 12, 16]. On January 14, 2014, Judge Economus, of the Southern District of Ohio, transferred the case to the Northern District of Georgia. [Doc. 30].

On January 24, 2014, after the case was transferred to this district, Defendant McCurdy & Candler filed a motion to abate this action "in light of the prior pending action filed by Plaintiff against these Defendants, 1:13-CV-2447-TWT...," which was still pending at the time. [Doc. 32]. In March of this year, Plaintiff filed another "Motion for Judgment as a Matter of Law; Alternatively, Motion to Transfer Appellant Action to Sixth Circuit," [Doc. 39], and a motion "to Correct Entry of Appeal into the Sixth Circuit; Alternatively, Motion for Judgment as a Matter of Law," [Doc. 40].

After Judge Thrash entered his order dismissing the Third Action for failure to state a claim under Rule 12(b)(6), the undersigned ordered the parties to brief the Court on (1) whether Defendant McCurdy & Candler's motion to abate this action is now moot and (2) whether this case should be dismissed under the

6

doctrines of claim or issue preclusion. [Doc. 43]. Only Defendant Chase complied with the Court's order, filing the instant "Renewed Motion to Dismiss Plaintiff's Complaint." [Doc. 45]. Defendant McCurdy & Candler filed a "Notice of Joinder in Remaining Defendants' Renewed Motion to Dismiss Plaintiff's Complaint," [Doc. 47], on August 7, 2014, outside of the ten-day period provided by the Court for briefing on the issue. Plaintiff failed to respond to Defendant Chase's renewed motion to dismiss within the time allowed. Defendant Chase's renewed motion to dismiss is therefore deemed unopposed. LR 7.1B, NDGa.

### III.
### Defendant Chase's Renewed Motion to Dismiss

Defendant Chase moves to dismiss Plaintiff's claims as precluded under the doctrine of res judicata.[2] [Doc. 45-1 at 7]. Defendant Chase asserts that Plaintiff's two claims in this fourth action, under the FDCPA and TILA, have already been decided by this court in the Third Action and are therefore barred from being relitigated. [Id.]. Alternatively, Defendant Chase renews its assertion that Plaintiff's complaint should be dismissed for failing to satisfy federal pleading standards and for failing to state a

---

[2] Defendant Chase also concedes that Defendant McCurdy & Candler's motion to abate is now moot. [Doc. 45-1 at 2 n.1]. Accordingly, the motion to abate, [Doc. 32], should be **DENIED AS MOOT**.

claim upon which relief can be granted. [Id. at 9]. As noted above, the motion is unopposed.

"The preclusive effect of a judgment is defined by claim preclusion and issue preclusion, which are collectively referred to as 'res judicata.'" Taylor v. Sturgell, 553 U.S. 880, 892 (2008). Where a final judgment has been rendered as to any claim, the doctrine of claim preclusion bars "successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit." New Hampshire v. Maine, 532 U.S. 742, 748 (2001). Claim preclusion also bars relitigation of claims that "could have been raised" at the time the prior action was filed, as well as those claims that actually were raised in the prior action. Dormescar v. United States Attorney Gen., 690 F.3d 1258, 1268 (11th Cir. 2012).

Claim preclusion applies if: (1) the prior decision was rendered by a court of competent jurisdiction; (2) there was a final judgment on the merits; (3) the parties, or those in privity with them, were identical in both suits; and (4) the prior and present causes of action are the same. Davila v. Delta Airlines, Inc., 326 F.3d 1183, 1187 (11th Cir. 2003) (quoting Jang v. United Techs. Corp., 206 F.3d 1147, 1149 (11th Cir. 2000)).

This case meets the four elements of res judicata, and the action should therefore be dismissed with prejudice. First, Judge

8

Thrash's dismissal of the second amended complaint in the Third Action for failure to state a claim under Rule 12(b)(6) constitutes a final judgment on the merits of that case. Federated Dep't Stores, Inc. v. Moitie, 452 U.S. 394, 399 n.3 (1981); see also Borden v. Allen, 646 F.3d 785, 812 (11th Cir. 2011) ("The dismissal of a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), for example, unambiguously constitutes a ruling on the merits."); NAACP v. Hunt, 891 F.2d 1555, 1560 (11th Cir. 1990) (quoting Federated Dep't Stores, Inc., 452 U.S. at 399 n.3) ("[T]he Supreme Court has clearly stated that '[t]he dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is a judgment on the merits.'").

Second, the Court had subject matter jurisdiction over the federal law claims in the Third Action, including the TILA and the FDCPA claims, by virtue of federal question jurisdiction and was therefore competent to render the decision. 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").

Third, the parties, Plaintiff Ann Marie DeSouza and Defendants Chase and McCurdy & Candler, are identical to the parties in the Third Action. Compare No. 1:14-CV-117-TWT-ECS, with No. 1:13-CV-2447-TWT.

Finally, Plaintiff raised identical claims, for violations of TILA and the FDCPA, in both this case and the Third Action, based on the same available factual allegations. Id. The complaint in this action does contain new factual allegations not set forth in the second amended complaint in the Third Action: (1) that she received a debt collection letter and a notice of sale letter from Defendants on or around August 14 or 15, 2013; and (2) that Defendants failed to validate the debt upon her request for validation under the FDCPA. See [Doc. 1 ¶¶ 14-16]. But those allegations and any claims arising from those allegations could have been raised in Plaintiff's second amended complaint in the Third Action, which she filed on December 20, 2013. Accordingly, the doctrine of res judicata applies to bar all of Plaintiff's claims from relitigation, and this action should be dismissed.

Additionally, as to any other possible claims less articulately alleged in Plaintiff's complaint, any such claim would arise out of the "same nucleus of operative fact" as the Third Action and could have been raised in the second amended complaint of the Third Action. Therefore, those claims would also be barred by the doctrine of res judicata.

Accordingly, the undersigned **RECOMMENDS** that Defendant Chase's renewed motion to dismiss, [Doc. 45], be **GRANTED**, and that this action be **DISMISSED** in its entirety.

For the same reasons discussed above, the undersigned will also, sua sponte, **RECOMMEND** that this action be **DISMISSED** as asserted against Defendant McCurdy & Candler as well, based upon McCurdy & Candler's adoption of the renewed motion and brief filed by Chase. In any event, the Court has the authority to dismiss, sua sponte, even though the res judicata defense may not have been raised. Arizona v. California, 530 U.S. 392, 408–412 (2000) (quoting United States v. Sioux Nation of Indians, 448 U.S. 371, 432, 100 S. Ct. 2716, 2749 (1980)) ("if a court is on notice that it has previously decided the issue presented, the court may dismiss the action sua sponte, even though the defense has not been raised..."); 18 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 4405 (2d ed. 1982).

Furthermore, because this action should be barred by res judicata, and in the interest of "the avoidance of unnecessary judicial waste," Arizona, 530 U.S. at 412, the undersigned need not address the merits of Defendant Chase's motion to dismiss for failure to state a claim, which have already been decided by Judge Thrash in the Third Action.

Additionally, **IT IS RECOMMENDED** that all other pending motions, [Docs. 6, 13, 32, 39, & 40], be **DENIED AS MOOT**.

11

## IV.
## Conclusion

Because this action is barred under the principles of res judicata, the undersigned **RECOMMENDS** that Defendant Chase's renewed motion to dismiss, [Doc. 45], be **GRANTED,** and that this action be **DISMISSED** against all defendants. Accordingly, the undersigned also **RECOMMENDS** that all other pending motions, [Docs. 6, 13, 32, 39, & 40], be **DENIED AS MOOT**.

The Clerk is **DIRECTED** to terminate this reference to the undersigned magistrate judge.

**SO REPORTED AND RECOMMENDED**, this 11th day of August, 2014.

>  */s/ E. Clayton Scofield III*
> E. CLAYTON SCOFIELD III
> UNITED STATES MAGISTRATE JUDGE